IN RE LUIS RAMOS, Respondent.

No. 84. Argued August 2, 1954.—Decided August 9, 1954.

Luis Ramos pro se. Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court, for The People.

PER CURIAM.

Respondent Luis Ramos was admitted by this Court to practice as an attorney at law on January 20, 1939, and as a notary public on August 21, 1941. As a result of an investigation of his protocols, we ordered the *Fiscal* to institute a disbarment proceeding against the said attorney and notary by filing the proper complaint.

The complaint charges only the commission of the following acts:

"(4) That during the period from 1943 to 1952 inclusive, the said Luis Ramos, in his capacity as notary public, wilfully, maliciously, and knowingly, in violation of the provisions of Act No. 101 of May 12, 1943 (Sess. Laws, p. 278), failed to affix and cancel internal-revenue and notarial stamps totalling $881.25, at the time of authorizing the deeds executed before him during the aforesaid period, as itemized in the exhibit attached to and forming a part hereof."

The respondent admitted the facts, alleging the following in his answer:

"2.—That respondent accepts the *charge* specified in paragraph four of the said complaint, and admits that he violated the provisions of Act No. 101 of May 12, 1943 in that he failed to cancel internal-revenue and notarial stamps in the sum of $881.25, on the deeds of his protocols for the years 1943 to 1952 inclusive."

He alleges, however, that in failing to cancel internal-revenue stamps he did not act with malice or with the deliberate purpose of defrauding the public treasury or any person, but that his conduct was due to pressing economic and family problems, and that before this proceeding was commenced he affixed and cancelled on the corresponding deeds all missing internal-revenue stamps, for which he was compelled to borrow money.

In view of the fact that the essential facts have been admitted, we will render judgment, as requested by respondent, without a hearing.

██ Respondent admits that his offense is serious as, in fact, it is. The reasons which impelled him to commit such offense do not in any way excuse his conduct, for, as

stated in *In re Arroyo Rivera*, 63 P.R.R. 764, "By alleging his insolvency during the years in question, the respondent by inference admits that he collected the money from his clients for the aforesaid stamps and used it for personal purposes. However, even if he did not, his conduct is still inexcusable. And the fact that, after the investigations herein had been undertaken, the respondent was able to borrow sufficient money to buy and to affix all the stamps does not in any way exculpate the professional misconduct charged herein. For us to so hold would be to make a mockery of the laws involved and of the duties of the members of our bar."

In *Arroyo Rivera, supra,* as well as in *In re González,* 56 P.R.R. 936; *In re Mas,* 56 P.R.R. 940; *In re Rivera,* 56 P.R.R. 936; *In re Figueroa Maestre,* 58 P.R.R. 438, we held that the failure of a notary to affix and cancel internal-revenue stamps on public deeds executed by him is sufficient cause to separate him from the practice of the profession of attorney-notary.

The respondent will be separated from the practice of the profession of attorney and notary for a period of two years.